FILED
06 NOV -8 PM 1:23
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ROBERTS, for SOUTH BAY BOAT YARD,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>PAUL F. KENT, for Vessel LION OF JUDAH,<br><br>　　　　　　　　　　Defendant. | CASE NO. 06CV1663-BEN (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S MOTIONS TO DISMISS [Doc. Nos. 15 and 16]** |

Defendant Paul F. Kent ("Kent") has removed an action from the state court after the state court rendered a judgment against him. Plaintiff South Bay Boat Yard ("South Bay") moves for dismissal and remand, arguing that there is no subject matter jurisdiction. A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). For the reasons that follow, the Court lacks jurisdiction over the removed action. Accordingly, South Bay's Motions are **GRANTED**, and the case is **REMANDED** to the Superior Court of the State of California for the County of San Diego.

## BACKGROUND

In September 2005, kent's vessel was towed and impounded at South Bay for violation of

1  Unified Port District Code §4.36(c).[1] The expense for towing, inventory and storage at South Bay
2  amounted to over $5000. Kent refused to pay the expenses. South Bay exercised its right to
3  recover the expenses, under California Harbors & Navigation Code § 503, via a lien sale.
4  Accordingly, South Bay filed a complaint with the Small Claims Court for the Superior Court of
5  California.
6      In February 2006, the Small Claims Court for the Superior Court of California granted
7  South Bay the right to hold a lien sale of Kent's vessel. Kent appealed that judgment to the
8  California Superior Court. After a *de novo* review and hearing, the California Superior Court
9  affirmed the Small Claim Court's judgment, allowing the lien sale to proceed under California
10 Harbors & Navigation Code § 503.
11     In August 2006, Kent filed in this Court the following documents: a "notice of removal of
12 entire state case for final determination in admiralty", "Index for Exhibits de novo trial and
13 removal", and "Defendant's appeal from small claims trial De Novo upon removal from state
14 court, now in admiralty."
15     In his notice of removal, citing general provisions of federal statutes, Kent alleges that "this
16 case involves the seizure and forfeiture of a vessel within this court's area of jurisdiction, it must
17 be tried in this court, sitting in admiralty." In the document entitled "Index for Exhibits de novo
18 trial and removal", Kent submits documents related to the state court's briefings and hearings.
19 Lastly, in the document entitled "Defendant's appeal from small claims trial de novo upon removal
20 from state court, now in admiralty", Kent contends that the California Superior Court's judgment is
21 invalid because it erred in several procedural respects including: (1) "admitting during pre-trial
22 instructions that this would be a de novo small claims trial and not an appeal hearing as
23 scheduled", which "shows prejudice in favor of [South Bay] [and] "[v]iolates the provisions in
24 Superior Court Rule 2.4.4(D); (2) "accepting from [South Bay] at the time of pre-trial instruction
25 an unsigned and unverified one page appeal brief"; (3) "granting [South Bay's] request for a lien

---

[1] In October 2005, Kent filed an action against Officer Laura Tosato of the Harbor Police Department in this Court. Officer Tosato appears to have been the officer that ordered Kent's vessel to be impounded. In March 2006, the Court dismissed Kent's action for lack of in rem or maritime law jurisdiction. Kent has appealed the Court's decision

sale with the knowledge that . . . [t]here was no lien"; (4) granting [South Bay] his request for a lien sale with the knowledge that the [vessel] was vital evidence in an ongoing case in federal court of appeals" and (5) that the court was "knowingly . . . a party to a conspiracy that would fist attempt to sell, then destroy the vessel, as per agreement."

In September 2006, Kent filed a document entitled "Answer to complaint, and counterclaim FRCP Rules 7(a), 9(h) in admiralty." In that document, Kent argues that the Small Claims Court for the Superior Court of California did not have jurisdiction to issue a judgment, South Bay's state court complaint is invalid, California Port District Code § 436(c)(1) is invalid, and that San Diego Unified Port District Code § 8.25(a)(1) is invalid.

## DISCUSSION

"Only state court actions that originally could have been filed in federal court may be removed . . . ." Hyles v. Mensing, 849 F.2d 1213, 1215 (9th Cir. 1988) (citations and internal quotations omitted). Because there is no diversity of citizenship asserted here, "federal question jurisdiction is required." Id.

Kent has the "burden of establishing" that there is federal-question jurisdiction. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (citation omitted); see also Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) ("The burden of establishing federal jurisdiction is upon the party seeking removal . . . .") (citation omitted). "[F]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citations and internal quotations omitted).

"[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000) (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)). This is commonly referred to as the "well pleaded complaint rule." Under this rule, a plaintiff may generally "avoid federal jurisdiction by relying exclusively on state law." Id. And, "a case may not be removed to federal court on the basis of a federal defense, including a defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.'" Id. (quoting Franchise Tax

Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 14 (1983)). So, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court." Gregory v. SCIE, LLC, 317 F.3d 1050, 1052 (9th Cir. 2003) (citation omitted). Similarly, "[r]emovability cannot be created by defendant pleading a counter-claim presenting a federal question . . . ." Takeda v. Northwestern Nat. Life Ins. Co.,765 F.2d 815, 822 (9th Cir. 1985) (citations omitted).

Against this backdrop, Kent has failed to establish that the Court has federal-question jurisdiction. Plaintiff South Bay's state court complaint presents no federal question. Nor can any federal question be implied from South Bay's state court complaint. South Bay's state court complaint appears to simply seek payment of expenses incurred in storing Kent's vessel via a lien sale. South Bay sued under state law; and did not allege that their claims were based on federal law.

Further, Kent's bald assertions in his counterclaims and notice of removal that the Court has in rem jurisdiction does not warrant a different result. See Takeda,765 F.2d at 822. Indeed, in his removal filings, Kent appears to mainly be challenging the California Superior Court's judgment or decision. "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker- Feldman[2] bars subject matter jurisdiction in federal district court." Manufactured Home Communities Inc. v. City of San Jose, 420 F.3d 1022, 1029 (9th Cir. 2005).

## CONCLUSION

For the reasons set forth above, South Bay's Motions are **GRANTED**, and the case is **REMANDED** to the Superior Court of the State of California for the County of San Diego.

DATED: 11/08/06

ROGER T. BENITEZ
United States District Judge

cc: All parties and respective counsel

---

[2] "The Rooker- Feldman doctrine stands for the proposition that a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." Manufactured Home Communities Inc. v. City of San Jose, 420 F.3d 1022, 1029 (9th Cir. 2005).